Case 4:18-cv-01127   Document 3   Filed on 02/14/18 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 10, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GATOR JAMES MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1173** |
| **ROBERT MULLERS FBI DIRECTOR, ET AL.** | **SECTION "H"(4)** |

### REPORT AND RECOMMENDATION

The *pro se* plaintiff, Gator James Mitchell ("Mitchell"), is incarcerated in the B.B. "Sixty" Rayburn Correctional Center, in Angie, Louisiana. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the defendants, FBI Director Robert Mullers and the U.S. Marshals Service, Prisoner Operations Division alleging that, while in a federal half-way house in Houston, Texas, he was sexually harassed and raped multiple times.[1] He also has moved for leave to proceed *in forma pauperis*.[2]

### I.    Venue Provisions

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

---

[1] Rec. Doc. No. 1. The Court instructs the Clerk of Court to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Southern District of Texas.

[2] Rec. Doc. No. 2.

  brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

**II.** **Discussion**

  The plaintiff claims that his cause of action arose in Houston, Texas, and the defendants are located in Houston, Texas and Washington, D.C.  He does not allege that any action occurred or any defendant can be located within the geographical boundaries of this federal district court. Instead, the significant events occurred within the boundaries of the United States District Court for the Southern District of Texas.  28 U.S.C. § 124(b)(2).  The interest of justice dictates that venue is proper in the Southern District of Texas.

**III.** **Recommendation**

  It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Southern District of Texas.

  It is further **RECOMMENDED** that plaintiff's motion to proceed *in forma pauperis* is **DEFERRED** to the United States District Court for the Southern District of Texas.

  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

    New Orleans, Louisiana, this 14th day of February, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.