IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GATOR JAMES MITCHELL, LDOC #00711538, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-18-1127 |
| | § | |
| ROBERT MULLERS[1] and UNITED STATES MARSHALS SERVICE, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Gator James Mitchell ("Plaintiff"), a state inmate in presently in the custody of the Louisiana Department of Corrections proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 91 S. Ct. 1999 (1971). Plaintiff alleges that the former Federal Bureau of Investigation ("FBI") Director and the United States Marshals Service did not respond to his requests for help when he was sexually assaulted at a federal halfway house in Houston three and a half years ago. Docket Entry No. 1 ("Complaint"). At the Court's request, Plaintiff has also filed a More Definite Statement. Docket Entry No. 10 ("More Definite Statement"). Because Plaintiff is incarcerated and proceeds *in*

---

[1] Plaintiff names "Robert Mullers" as a defendant, but the Court observes that Robert Mueller served as the Director of the Federal Bureau of Investigation ("FBI") from 2001 to 2013, and that James Comey served in that position from 2013 until May 9, 2017. Christopher Wray succeeded Mr. Comey and serves as the current Director of the FBI.

*forma pauperis*, the Court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the Court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Plaintiff alleges that he was housed in a federal halfway house in Houston, Texas, where he claims he was the victim of repeated sexual assaults three and a half years ago in April, May, and June 2014.[2] Plaintiff reports that he ran away from the halfway house in June 2014 and was homeless on the streets of New Orleans, Louisiana until he was confined in the New Orleans Parish Jail and Hunt's State Jail in June 2016.[3] On August 8, 2016, he was confined at the Rayburn Correctional Center, where he is presently located.[4]

Plaintiff alleges that he reported the sexual assaults to the Director of the FBI and the Marshals Service, but that they did not

---

[2] Complaint at 5; More Definite Statement at 2-4.

[3] More Definite Statement at 2.

[4] Id. at 2, 4; Complaint at 1.

2

help him or bring charges against the perpetrators and that the Marshals Service told Plaintiff that it was out of their hands.[5] Plaintiff requests that the Court: (1) award compensatory damages of $4.5 million; (2) hold the defendants accountable for what happened to him; and (3) require defendants to bring charges against the inmates who sexually assaulted him in the federal halfway house.[6]

## II. Discussion

Plaintiff's *pro se* pleadings are entitled to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Liberally construed, Plaintiff contends that he was denied the right to an investigation into the 2014 sexual assaults and the prosecution of the perpetrators.

In Texas, civil rights claims brought under Bivens, like those brought under 42 U.S.C. § 1983, are governed by the two-year statute of limitations provided by Texas law. *See* Starks v. Hollier, 295 F. App'x 664, 665 (5th Cir. Oct. 7, 2008) (not selected for publication) (explaining that federal courts apply the general personal injury limitations period for the forum state for Bivens and section 1983 claims, which in Texas is two years); *accord* Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir.), *cert. denied*, 122 S. Ct. 53 (2001); TEX. CIV. PRAC. & REM. CODE ANN.

---

[5] Complaint at 5; More Definite Statement at 3.

[6] Complaint at 5; More Definite Statement at 3.

3

§ 16.003(a). This means that Plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. *See* Gonzalez v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Plaintiff's claim arose no later than June 2014, which is when he alleges that he first complained to the Marshals Service regarding the sexual assaults at the halfway house.[7] Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. *See* Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Because Plaintiff clearly waited more than two years from the time his claims accrued to file suit, his complaint is untimely and will be dismissed as legally frivolous. *See* id.

Additionally, even if Plaintiff's claims were not barred by limitations, they appear to be based on the alleged failure of the defendants to investigate and prosecute the sexual assaults. As such, Plaintiff fails to assert a constitutional right that could form a basis of a Bivens action. "It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do

---

[7] More Definite Statement at 2.

not have a constitutional right to compel criminal prosecution." Lewis v. Jindal, 368 F. App'x 613, 614 (5th Cir. 2010) (citing United States v. Batchelder, 99 S. Ct. 2198, 2204 (1979); Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990)). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S., 93 S. Ct. at 1149. Because Plaintiff's claims lack an arguable basis in law, they must be dismissed.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that the Complaint (Docket Entry No. 1) is **DISMISSED** with prejudice; and it is

**ORDERED** that all other motions, if any, are **DENIED**.

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.**

The Clerk will provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 28th day of June, 2018.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE